# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:22-cr-548-6 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Carmen E. Henderson |
| KEVIN HODY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Defendant Kevin Hody moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (ECF Nos. 188, 191.)  For the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

Defendant Kevin Hody began serving a 37-month sentence on June 7, 2023, after pleading guilty to two counts:  (1) conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); and (2) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 9).  (ECF 104.)  His projected release date is November 12, 2025.  *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 23, 2025).  His projected release date to a halfway house is August 12, 2025. (ECF No. 191, PageID #1643.)  On March 3, 2025, Mr. Hody filed a *pro se* motion for compassionate release. (ECF No. 188.)  After the Court appointed counsel, counsel filed a supplemental response on April 30, 2025, which included a

copy of Mr. Hody's request to the warden of FCI Beckley, dated November 13, 2024. (ECF No. 191-1.)

In support of his motion, Mr. Hody cites several medical conditions and the need to care for his father. (ECF No. 188, PageID #1622.) Mr. Hody is 54 years old and reports several ongoing health issues. (*Id.*) He submitted medical records from February and May 2024, but did not include follow-up documentation related to a recent CT scan referenced in the filings. Also, he states that his father lives alone and struggles with medical and mobility issues. (*Id.*) If released, he says he would live with his father and serve as his caregiver. (*Id.*) He plans to work remotely through Amazon broker services. (*Id.*) During his incarceration, he completed the 100-hour non-residential drug abuse treatment program and participated in several other rehabilitative programs. (*Id.*, PageID #1623–25.)

## ANAYLSIS

Compassionate release under 18 U.S.C. § 3582(c)(1)(A) provides a limited exception to the rule of finality. *United States v. Hunter,* 12 F.4th 555, 561 (6th Cir. 2021). As relevant here, a district court may reduce a defendant's sentence only if (1) extraordinary and compelling reasons warrant a reduction of the sentence; and (2) the factors in Section 3553(a) support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the defendant must either exhaust all administrative remedies through the Bureau of Prisons or wait 30 days after submitting a request for compassionate release to the warden. *United States v. Alam,* 960 F.3d 831, 833–34 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling" means unusual, rare, and forceful. *United States v. McCall,* 56 F.4th 1048, 1055 (6th Cir. 2022). Routine or ordinary circumstances do not qualify. *Id.* When considering the factors under Section 3553(a), the court exercises its discretion to decide whether the circumstances justify a reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020).

Mr. Hody fails to demonstrate extraordinary and compelling reasons that warrant a sentence reduction under Section 3582(c)(1)(A)(i). After counsel supplemented the record with his request to the warden for compassionate release, he satisfied the administrative exhaustion requirement. See *Alam*, 960 F.3d at 833–34; 18 U.S.C. § 3582(c)(1)(A). However, his medical condition and his father's condition fall short of the type of extraordinary and compelling circumstances justifying a sentence reduction.

The Sentencing Commission's policy statement under U.S.S.G. § 1B1.13 outlines four medical-related grounds that may justify compassionate release: (A) a terminal illness; (B) a serious medical condition that substantially diminishes the defendant's ability to care for himself in a correctional facility; (C) a lack of access to long-term or specialized medical care that places the defendant at risk of serious deterioration or death; and (D) exposure to an ongoing outbreak or public health emergency that cannot be adequately mitigated. Mr. Hody identifies several medical conditions but does not explain how they impair his ability to function in prison or show that the Bureau of Prisons cannot manage his care. He refers to a recent CT scan related to his medical issues but does not include any follow-up documentation

reflecting the results or status of the testing. The record does not reflect any condition that meets the high threshold of being extraordinary and compelling within the meaning of the statute.

Mr. Hody also claims that his father lives alone and suffers from medical and mobility issues. (ECF No. 188, PageID #1622.) He states that he would serve as his father's caregiver if released. (*Id.*) The Court does not doubt the sincerity of that claim. However, Section 1B1.13(b)(3)(C) sets a higher standard. That provision applies in narrow circumstances—for example, where a parent is seriously ill and no other caregiver is available. Mr. Hody provides no medical records or other evidence regarding his father's condition and fails to show that he is the only available caregiver. Without such support, his family situation does not justify a sentence reduction.

Although Mr. Hody's rehabilitative efforts—including completion of the 100-hour non-residential drug abuse treatment program and other courses—are commendable, rehabilitation alone cannot support compassionate release. *McCall*, 56 F.4th at 1053; U.S.S.G. § 1B1.13(d). Even if Mr. Hody had met the extraordinary and compelling standard, the Section 3553(a) factors weigh against a reduction. His projected release date is November 12, 2025. Reducing his sentence now would undermine the sentencing goals set forth in Section 3553(a)(2)(A)–(B), including the need to reflect the seriousness of the offense, promote respect for the law, and provide adequate deterrence.

Because Mr. Hody acknowledged that substance abuse contributed to his offense, considering Section 3553(a)(2)(D), the Court determines that structured reentry and correctional treatment includes time at a halfway house. Releasing him directly into the community would bypass a critical transitional period before his scheduled placement in a halfway house and would conflict with the statute's instruction to provide effective correctional treatment and rehabilitation.

## CONCLUSION

For these reasons, the Court finds that Mr. Hody does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court **DENIES** his motion (ECF No. 188; ECF No. 191).

**SO ORDERED.**

Dated: May 27, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio